UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11 C 7404 |
| LORNA CLARKE, ) | |
| ) | Judge John W. Darrah |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Lorna Clarke's Emergency Motion to Vacate, Set Aside, or Amend Sentence Under 28 U.S.C. § 2255 or, in the alternative, Motion for Writ of Error *Coram Nobis* or Writ of *Audita Querela*. The Government filed a response, and Clarke filed a reply.

## BACKGROUND

The following background is taken from the record in Clarke's criminal case, *United States v. Lorna A. Clarke*, No. 08 CR 208 (N.D. Ill.). On April 8, 2008, Clarke was charged with co-defendant, Marlin Martinez, with five violations of the wire fraud statute, 18 U.S.C. § 1343. On April 15, 2008, the two defendants were charged in a superseding indictment with five counts of wire fraud. In short, the superseding indictment alleged that the two defendants, who worked together handling cash and checks for a Wal-Mart store in Northlake, Illinois, had engaged in a scheme to fraudulently obtain and use their employer's funds for their own benefit. On August 20, 2008, Clarke pled guilty to Count One of the superseding indictment pursuant to a written

plea agreement (signed on August 13, 2008) (the "Plea Agreement"), which acknowledged, among other things, that the scheme in which she had participated resulted in a loss to Wal-Mart of approximately $262,144.80 and that defendant Clarke had received approximately $50,000 during the course of the scheme. (Cr. Dkt. No. 38 ¶ 6.)

In her plea agreement, Clarke waived her right to collaterally attack her conviction, except that she preserved her right to bring a claim of "involuntariness, or ineffective assistance of counsel, which relates directly to [the] waiver or its negotiation." (*Id.* at ¶ 26(b).)

On April 22, 2010, this Court sentenced Clarke to 14 months of imprisonment and a two-year term of supervised release and additionally imposed a $100 special assessment and restitution in the amount of $262,144.80. Neither Clarke nor the Government filed a notice of appeal. Clarke served her fourteen-month term of imprisonment and has been released from prison and is presently serving the term of supervised release.

Clarke is not a citizen of the United States. The Immigration and Naturalization Act ("INA") provides that an alien who is "convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). In relevant part, INA § 101(a)(43)(M)(i) defines an "aggravated felony" as "an offense that – involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Because the fraud to which Clarke pled guilty involved a loss in excess of $10,000, the conviction made Clarke eligible for removal from the United States.

Removal proceedings were initiated against Clarke by the Department of Homeland Security ("DHS") on August 14, 2011. On October 18, 2011, Clarke filed the instant Motion, in which she challenges her sentence on the basis of ineffective assistance of counsel under *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) (*Padilla*).

## LEGAL STANDARD

Section 2255 provides, in pertinent part:

> A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006) (emphasis added). The relief described in this section is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

In the alternative, Clarke moves for a writ of error *coram nobis* or for a writ of *audita querela*. Pursuant to the All Writs Act, a district court may grant a writ of error *coram nobis* upon application by a petitioning party. *See* 28 U.S.C. § 1651; *United States v. Morgan*, 346 U.S. 502, 505 (1954) (*Morgan*). "A writ of error *coram nobis* affords the same general relief as a writ of *habeas corpus*"; but unlike a writ of *habeas corpus*, it is available to a criminal defendant who is not in custody. *Howard v. United States*, 962

3

F.2d 651, 653 (7th Cir. 1992) (*Howard*). It is an extraordinary remedy that should only be allowed "under compelling circumstances." *Id.* A petitioner must show that he "is under a substantial legal disability" in order to obtain the writ. *Id.*

The writ of *audita querela* has been abolished in federal civil proceedings and is also not relevant to criminal sentences. *Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004) (citing Fed. R. Civ. P. 60(b)).).

## ANALYSIS

The Government argues that Section 2255 does not apply to Clarke because she is no longer "in custody." Clarke's term of imprisonment ended in June 2011, fourteen months after her April 2010 conviction. Clarke is currently serving a two-year term of supervised release. Supervised release has been recognized as a form of custody for purposes of Section 2255's "in custody" requirement. *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995); *see also Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008) (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963)).[1]

If Section 2255 applies, the Government argues that Clarke's Motion is barred by the one-year statute of limitations. Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United

---

[1] Accordingly, the write of error *coram nobis* is not available to Clarke because "it is available to a criminal defendant who is *not* in custody." *Howard*, 962 F.2d at 653 (emphasis added).

4

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Clarke argues that she did not become aware of the deportation consequences of her guilty plea until DHS took her into custody and placed her in removal proceedings on August 14, 2011. Before learning this, she argues, Clarke has no reason to question the effectiveness of her counsel. Based on the record before the Court, Clarke's argument is persuasive. Clarke's petition was filed with one year on the date "that the facts supporting [her] claim . . . could have been discovered through the exercise of due diligence" and is therefore timely.

Even so, Clarke unequivocally waived her right to bring a Section 2255 motion in her written Plea Agreement. The Seventh Circuit has "repeatedly held 'that a voluntary and knowing waiver of an appeal is valid and must be enforced.'" *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (*Sakellarion*) (citing *United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002); *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999) (holding that a plea agreement that also waives the right to file a petition under § 2255 is enforceable only if it is knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement);

Clarke's plea agreement states, in relevant part:

> Waiver of appellate and collateral rights.
>
> \* \* \*
>
> Defendant is aware that Title 18 United States Code, Section 3742 affords a defendant the right to appeal her conviction and the sentence imposed. Acknowledging this, if the government makes a motion at sentencing for a downward departure pursuant to Sentencing Guidelines § 5K1.1, defendant knowingly waives the right to appeal her conviction, any pre-trial rulings by the Court, and any part of the sentence.
>
> \* \* \*
>
> In addition, defendant also waives her right to challenge her conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

(Cr. Dkt. No. 38 ¶ 26(b).) Pursuant to her written Plea Agreement, Clarke is permitted to challenge only the *waiver itself* or *its negotiation* based on a claim of involuntariness or ineffective assistance of counsel. Clarke has made no such allegations here.

The Seventh Circuit has addressed the waiver at issue in Clarke's case. In *Mason v. United States*, 21 F.3d 1065 (7th Cir. 2000), the defendant waived the right to appeal or to challenge his sentence in any proceeding, including the filing of any petition pursuant to 28 U.S.C. § 2255. Defendant filed a Section 2255 petition, requesting that his sentence be vacated due to a denial of due process and ineffective assistance of counsel. The Court of Appeals affirmed the trial court's decision to deny the defendant's Section 2255 petition, noting that, "[defendant] is not challenging the voluntariness of the

negotiation of the waiver in his plea agreement . . . nor does Mason claim that he received ineffective assistance of counsel with respect to the negotiation of the waiver." *Id.* at 1069. The Court of Appeals held: "[Defendant's] ineffective assistance of counsel claim relates only to his attorney's performance with respect to sentencing. Because the challenge has nothing to do with the issue of a deficient negotiation of the waiver, Mason has waived his right to seek post-conviction relief." *Id.*; *see also Sakellarion*, 649 F.3d at 635-636 (dismissing defendant's appeal where "[defendant] does not argue that her plea was involuntary or that the agreement, other than its appellate waiver, is unenforceable."); *United States v. Aslan*, 644 F.3d 526 (7th Cir. 2011) (commenting on identical waiver to that of Petitioner Clarke's and noting "plea agreement contained a broad waiver of [defendant's] right to appeal his sentence.").

Furthermore, district courts in this Circuit have dismissed Section 2255 claims on the basis that the petitioners signed a waiver identical to that signed by Clarke here, and they were not challenging the waiver itself or its negotiation based on a claim of involuntariness or ineffective assistance of counsel. *See, e.g., Rickette v. United States*, No. 10 C 7579, 2011 WL 760004, at *3 (N.D. Ill. Feb. 25, 2011) ("In sum, Rickette's waiver in her written plea agreement bars the Court from considering her Section 2255 claims."); *United States. v. Bew*, No. 08 C 1241, 2008 WL 4696169, at *3 (N.D. Ill. May 30, 2008) (holding that where petitioner brought ineffective-assistance-of-counsel claims that did not relate to the waiver or its negotiation, "all claims of ineffective assistance of counsel are barred by the waiver in paragraph 14 of the plea agreement, and are dismissed."). Here, Clarke makes no allegations concerning her attorney's conduct in

negotiating her waiver. In sum, Clarke's waiver in her written Plea Agreement bars the Court from considering her Section 2255 claims.[2]

With respect to Clarke's petition on the merits, Clarke argues that the Court should vacate her conviction because she was not advised of the deportation consequences of her guilty plea, as required by *Padilla*. In *Chaidez v. United States*, 655 F.3d 684, 694 (7th Cir. 2011) (*Chaidez*), the Seventh Circuit held that *Padilla* announced a new rule of criminal procedure for purposes of *Teague v. Lane*, 489 U.S. 288 (1989), thus precluding retroactive application of *Padilla* on collateral review. But if a conviction becomes final after the Supreme Court decided *Padilla*, the court may apply *Padilla* to that case on collateral review. *See Chaidez*, 655 F.3d at 694; *see also Welch v. United States*, 604 F.3d 408, 413 (7th Cir. 2010) ("New procedural rules that are established after a conviction becomes final generally do not apply on collateral review."). The Government concedes that *Padilla* is applicable to Clarke's Section 2255 Petition. (Resp. at 5, n.3.) Because Clarke's waiver in her Plea Agreement bars the Court from considering her Section 2255 petition, the Court does not reach the merits of Clarke's *Padilla* claim.[3]

---

[2] As noted above, Clarke's Motion was considered under 28 U.S.C. § 2255 because she is in custody. Therefore, her Motion, in the alternative, for a writ of error *coram nobis* is not considered. As set forth above, the writ of *audita querela*, which Clarke also requests, has been abolished in civil cases and is not applicable to criminal cases.

[3] The Government argues Clarke could not establish the second prong of *United States v. Strickland*, 466 U.S. 668, 694 (1984), that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. With her petition, Clarke has submitted an affidavit that contradicts her previous sworn testimony. Clarke avers:

> In the plea agreement, it was stated that I received

8

*Certificate of Appealability*

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

"When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim," as is the case here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

> approximately $50,000 from Marlin during the course of the scheme, which is not in fact accurate .... The $50,000 was not based on any specific calculation but rather some number had to be placed in the agreement.

Clarke, however, admitted that she received 50 percent of the criminal proceeds ($262,144.80) in her initial confession and at the outset of her proffer with the Government. (*See* Dkt. No. 13, Affidavit of AUSA Renato Mariotti ("Mariotti Aff.") ¶¶ 5, 10; Affidavit of Special Agent Matthew McCloskey ("McCloskey Aff.") ¶¶ 5, 7.) Later during the proffer session, the Government asked Clarke whether she had perhaps received less than half of the total proceeds. Clarke then stated that she received approximately $50,000. (Mariotti Aff. ¶ 11, McCloskey Aff. ¶ 8.) Had Clarke insisted that she received less than $10,000 of the proceeds, thereby rejecting the Plea Agreement and going to trial, she would have been confronted with her previous statements that she received $50,000 of the proceeds.

Furthermore, Clarke's present affidavit is contrary to her sworn testimony during her plea colloquy, in which she averred that she understood all the terms and conditions of her Plea Agreement and signed it after reading it. (Dkt. No. 13-2, 8/20/08 Hr' Tr. at 15.) The Plea Agreement stated that Clarke received $50,000 from Martinez during the course of the scheme. (Cr. Dkt. No. 38 at 3.) At the plea hearing, the Government summarized its evidence if the case were to go to trial, including that Clarke received $50,000 of the proceeds. (*Id.* at 24.) Clarke answered "No" when asked if she disagreed with any part of the Government's summary of the evidence. (*Id.* at 28.) The Government therefore concludes that if the case were to go to trial, there is overwhelming evidence that Clarke would have been convicted of an offense involving loss in excess of the $10,000 amount to make Clarke eligible for deportation. This issue is not addressed based on the above dispositive analysis.

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Jimenez v. Quarterman*, 555 U.S. 113, 119 n. 3 (2009).

In this case, reasonable jurists may debate whether Clarke has adequately alleged an ineffective-assistance-of-counsel claim. Furthermore, this Court has held that Clarke waived her right to file this *habeas* petition; however, it is possible that reasonable jurists would resolve the procedural ruling differently. Accordingly, the Court grants a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Clarke's Emergency Motion to Vacate, Set Aside, or Amend Sentence Under 28 U.S.C. § 2255 or, in the alternative, Motion for Writ of Error *Coram Nobis* or Writ of *Audita Querela* [1] is denied. The Court grants a certificate of appealability.

Date: 2-16-12

JOHN W. DARRAH
United States District Court Judge